IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PATRICIA KEARNS,**

       Plaintiff,

vs.                                                                                               Civ. No. 03-738 ACT

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

       Defendant.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Agency Decision filed November 10, 2003. Docket No. 12. The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is not well taken.

**I.  PROCEDURAL RECORD**

       Plaintiff, Patricia Kearns, applied for Disability Insurance Benefits on April 8, 1991 alleging a disability commencing August 9, 1989 due to back problems. Tr. 102-105. On January 26, 1995, the Administrative Law Judge ("ALJ") found that Plaintiff had the residual functional capacity ("RFC") for "a limited range of light work not involving lifting of more than 10 pounds and walking of no more than one mile continuously." Tr. 271. Relying on the testimony of a vocational expert, the ALJ found at step five that Plaintiff was not disabled. Tr. 270 and 272.

The Appeals Council remanded this decision for a second hearing because the recording of the administrative hearing was certified as lost. Tr. 284. After a second administrative hearing on January 26, 1996, the ALJ found that Plaintiff had the RFC for light work and relying on the "Grids" found at step five that Plaintiff was not disabled. Tr. 23-24. The Appeals Council declined review and Plaintiff appealed the ALJ's decision to the Untied States District Court. The Magistrate Judge's Proposed Findings and Recommended Disposition entered on November 16, 1999 recommended that the Defendant award benefits to the Plaintiff. Kearns v. Apfel, Civ 98-1560 JP/KBM. However, the Defendant filed objections and the District Judge found that the objections were well taken in part. In his Order of Remand, the Honorable Judge James A Parker states:

> Specifically, I note that the administrative law judge ("ALJ"), in apparently discounting Plaintiff's evidence from other sources (including her chiropractor, certified nursing assistance, and other acquaintances), gave no reason for rejecting these opinions that Plaintiff was disabled. *See* 20 C.F.R. § 1513.

Furthermore, the Order of Remand directs the ALJ to "articulate reasons for accepting or rejecting the evidence favoring Plaintiff's claim for disability."

On remand, the ALJ found that Plaintiff had the RFC for a full range of light work. Tr. 311. Thereafter, the Plaintiff filed a request for review. The Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 293. The Plaintiff subsequently filed her Complaint for court review of the ALJ's decision on June 19, 2003.

Plaintiff's status as an insured for purposes of entitlement to disability insurance benefits expired on December 31, 1989. Plaintiff must therefore establish she was disabled during the time of August 9, 1989, the date of the denial of Plaintiff's last application, through December 31, 1989.

Plaintiff was 54 years old at the time her insured status expired. She has a twelfth-grade education and past work experience as a heavy laborer.

## II. STANDARD OF REVIEW

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards. See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992); Glenn v. Shalala, 21 F.3d 983 (10th Cir. 1994). To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a mere scintilla, but it need not be a preponderance. Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992); Sisco v. United States Dep't. of Health & Human Servs., 10 F.3d 739, 741 (1993). A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision. See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. See 42 U.S.C. §423(d)(1)(A); see also Thompson, 987 F.2d at 1486. The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. See Thompson, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments

3

severe enough to limit her ability to do basic work activities, her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past.  20 C.F.R. §§ 404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. Id.

### III.  MEDICAL HISTORY

Plaintiff alleges she is disabled because of her back pain.  She underwent a fusion of her lumbosacral spine in 1980.  She returned to work as a heavy laborer in the copper mines.  She continued to work until 1983 when she began having severe back pain.  Her physician determined that she had a failed back fusion and a subsequent fusion was performed in May of 1984.  The second fusion relieved her pain. However, her physician advised her she could not return to work at her previous job.  Tr. 139 and 162.

Plaintiff underwent a consultative examination on July 12, 1989 by Dr. Walter D. Trafton Plaintiff reported that she had not sought medical treatment since 1984 and she used over the counter medication for any symptoms.  Tr. 189.  At the time of the examination Plaintiff reported some pain. She also reported that she did her own house work, drove a car without difficulty and went hunting and fishing with her husband.  On examination, Dr. Trafton found that Plaintiff walked with a normal gait and she was in no apparent distress. There was no weakness or atrophy of her extremities.  There was no tenderness and range of motion in her spine was full and asymptomatic. Dr. Trafton found that there was no "objective medical evidence of any significant functional impairment at her normal activities."  Tr. 189-190.

There is no evidence of any medical treatment relating to Plaintiff's back until 1993 by Dr. Bieganowski and Dr. Carter.  These records will be discussed below

## IV. DISCUSSION

The issue in this matter is whether the ALJ complied with the Order of Remand.[1]  A review of the ALJ decision demonstrates that the ALJ did comply with the Order of Remand. The ALJ considered the evidence favoring Plaintiff's claim for disability, specifically the opinions of the certified nursing assistant, Jeptha Carter, a chiropractor, Dr. Bieganowski, Plaintiff's friends and Plaintiff's daughter.

In a "To Whom It May Concern" letter written in March of 1993, Ms. Shepard, a certified nursing assistant, reported that Plaintiff had been totally disabled since 1984 due to physical, emotional and psychological problems.  Tr. 214-215.  In discussing this opinion, the ALJ properly noted that a nursing assistant is not considered a qualified treating source under the Social Security Act.  Tr. 309; 20 C.F.R. §404.1513(a).  The ALJ found that there was no evidence that the nursing assistant had been trained in the evaluation, diagnosis and treatment of orthopedic impairments.  Id; 20 C.F.R. §404.1527(d)(5).   The ALJ found that the nursing assistant gave her opinion in 1993 which is four years after the relevant time period.  The ALJ noted that there were no objective medical findings by the nursing assistant.  The ALJ correctly noted that the nursing assistant was a friend of the Plaintiff.  20 C.F.R. §404.1527(d)(1) and (2)(ALJ properly considers the sources'

---

[1] Plaintiff also asserted that the ALJ erred in finding a greater RFC in a subsequent opinion.  Plaintiff contended that the doctrine of collateral estoppel precluded a different RFC finding. However, Defendant correctly points out that there are only two final orders in this matter and that in each of these two decisions it was determined that the Plaintiff could perform a full range of light work.  Tr. 23 and 308.  Thus, this argument is without merit.

examining and treatment relationship with the claimant).  The ALJ noted that the conclusions reached by the certified nursing assistant were inconsistent with Plaintiff's failure to seeking treatment during the relevant time period.  Tr. 309.  The ALJ properly noted that there was no evidence that Plaintiff had a mental impairment during the relevant time period.  Tr. 308-309.  Finally, the ALJ clearly gave specific and legitimate reasons for discounting the opinions of the certified nursing assistant.  Eggleston v. Bowen, 851 F.2d 1244, 1246-1247 (10th Cir. 1988).

Similarly, the ALJ properly discounted the opinion of the Plaintiff's chiropractor.  On November 18, 1993, the chiropractor opined that x-rays in 1993 revealed a failed spinal fusion, that Plaintiff's spinal condition had deteriorated and that Plaintiff was an undesirable candidate for employment.  Tr. 229.  The ALJ noted that this opinion did not relate to Plaintiff's condition during the relevant time period but rather four years later.  Tr. 309.  Potter v. Secretary of Health and Human Services, 905 F.2d 1346, 1349 (10th Cir. 1990)(the relevant analysis is whether Plaintiff was actually disabled prior to the expiration of her insured status...a retrospective diagnosis without evidence of an actual disability is insufficient).  The ALJ noted that during the relevant time, Plaintiff did not seek medical treatment.  Moreover, the ALJ noted that the chiropractor never stated that Plaintiff was disabled.  Finally, the ALJ evaluated the differences in the chiropractor's findings and the findings of Dr. Trafton.  Tr. 308-309.

The ALJ also complied with the Order of Remand and specifically addressed the observations of Plaintiff's's friends and her daughter.  Tr. 310.  The ALJ properly recognized that these individuals were not "disinterested witnesses."  Id.  He noted that they were lay witnesses and their observations pertained to Plaintiff's condition four years after she was last insured.

Lastly, Plaintiff contends that the ALJ improperly discounted the opinion of Dr. Bieganowski

based on information not contained in the record. The information not in the record and mentioned by the ALJ is that Dr. Bieganowski was in prison for medicare fraud. However, the ALJ mentioned other legitimate reasons for discounting Dr. Bieganowski's opinion. For example, the ALJ noted that Dr. Bieganowski partially based his opinion on the reports of the chiropractor and nursing assistant which were properly discounted by the ALJ. Tr. 309. The ALJ again noted that Dr. Bieganowski's opinion was given four years after the relevant time period. Finally, the ALJ considered that the evidence closer to the relevant time showed that Plaintiff was able to hunt, fish, drive and perform household chores. Tr. 189 and 310. Thus, any error by the ALJ in referring to Dr. Bieganowski's incarceration is harmless. Valdez v. Apfel, 102 F. Supp. 2d 1203, 1206 (D. Colo. 2000)(a case will not be remanded if the ALJ's error is harmless error).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Decision is denied.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**